IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

RICHARD ALEXANDER )
and CONSTANCE ALEXANDER, )
)
        Plaintiffs, )  TC-MD 150451R
)
      v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
        Defendant. )  **FINAL DECISION**[1]

Plaintiffs appeal Defendant's conference decision letter dated July 28, 2015, for the 2011, 2012, and 2013 tax years. A trial was held in the courtroom of the Oregon Tax Court on March 31, 2016, in Salem, Oregon. Richard J. Alexander (Alexander) appeared and testified on behalf of Plaintiffs. Michelle Hillen (Hillen) appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 to 23 were received without objection. Defendant's Exhibits A to P were received without objection.[2]

## I. STATEMENT OF FACTS

Alexander testified that he has maintained a life-long passion for baseball cards. After retiring from the post office in 1999, Alexander decided to make a business of buying and selling baseball cards. He started the business in 2001 and soon thereafter created a website that contained his entire inventory. Alexander purchased new cards in bulk and older cards either

/ / /

---

[1] This Final Decision incorporates the court's Decision, entered June 24, 2016. The Decision incorrectly stated in the Conclusion that deductions were disallowed for tax year 2010. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] Defendant initially offered Exhibit Q, but later withdrew the Exhibit.

from his website or from private collections. Alexander purchased cards himself and hired an assistant to physically handle sales logistics and keep track of the website.

Alexander felt contented with his retirement income and he decided that his goal was not to make current income from baseball cards, but rather, to create a legacy for his grandchildren. Alexander planned to use his current income to create an inventory that would make a profit when eventually sold.

Alexander claimed business losses on his tax returns for the baseball card endeavor for each year beginning in 2001 and continuing through 2014. (Def's Ex G 1-26) Alexander testified that he thought "the loss was a gain, in the sense that it would reduce my tax burden." Alexander intended to keep purchasing more cards than he sold and would continue to "lose" money until he stopped accumulating cards when he died or became incapacitated.

## II. ANALYSIS

The issue in this case is whether Plaintiffs' baseball card endeavor was a business, for which deductions are allowed under Internal Revenue Code (IRC) section 162, or an activity not engaged in for profit, under IRC section 183.

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the IRC for the purpose of determining taxable income of individuals, wherever possible. ORS 316.007.[3] Second, in cases before the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2009.

the individual claiming the deduction.  *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

Under IRC section 162(a), a deduction is allowed for "all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business[.]"  The code and regulations preclude deductions "for expenses incurred in connection with activities which are not engaged in for profit[,]" except as provided in IRC section 183. Treas Reg § 1.183-2(a).  "[D]eductions are not allowable under section 162 or 212 for activities which are carried on primarily as a sport, hobby, or for recreation."  *Id.*  If the activity is not engaged in for profit, expenses may be deducted under IRC section 183 only to the extent of any profits.  *Gallo v. Dept. of Rev.*, TC-MD 011022F, WL 21675927 at *3 (July 8, 2003).

> "The determination whether an activity is engaged in for profit is to be made by reference to objective standards, taking into account all of the facts and circumstances of each case. Although a reasonable expectation of profit is not required, the facts and circumstances must indicate that the taxpayer entered into the activity, or continued the activity, with the objective of making a profit."

Treas Reg § 1.183-2(a); *see also Comm'r v. Groetzinger*, 480 US 23, 35, 107 S Ct 980, 94 L Ed 2d 25 (1987).

The key element at issue in this case is the definition of "intent to make a profit." Alexander argues that he did intend to make a profit, albeit in the future, and recognized only after his incompetence or death.  "For purposes of deciding whether the taxpayer has the requisite profit objective, profit means economic profit, independent of tax savings."  *Mikhail v. Comm'r*, 20199-12S, 2014 WL 1612325 at *4 (TC Apr 22, 2014) (citations omitted).  Alexander readily admitted at trial that he did not intend to make a current profit for the tax years at issue. Therefore, he did not engage in the activity of selling baseball cards with the intent to make a profit and may only deduct expenses to the extent of his gains.

III.  CONCLUSION

After careful consideration, the court concludes that Plaintiffs did not operate their baseball card endeavor with the requisite profit objective during any of the tax years at issue. Now, therefore,

IT IS THE DECISION OF THIS COURT that deductions for Plaintiffs' baseball card endeavor for the 2011 through 2013 tax years should be disallowed to the extent the losses exceeded gains.

Dated this ____ day of July 2016.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on July 12, 2016.*